IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

THERESA HALL                                              PLAINTIFF

VS.                        CIVIL ACTION NO. 5:09-cv-41(DCB)(JMR)

NEWMARKET CORPORATION;
AETNA LIFE INSURANCE
COMPANY; and JOHN DOES 1-10                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Aetna Life Insurance Company ("Aetna")'s motion to dismiss **(docket entry 6)**, and on defendant NewMarket Corporation ("NewMarket")'s motion to dismiss **(docket entry 9)**. Having carefully considered the motions, the plaintiff's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

In her Complaint, the plaintiff Theresa Hall ("Hall") alleges the following: She was employed by Ethyl Corporation ("Ethyl"), a subsidiary of defendant NewMarket, in Natchez, Mississippi, from 1991 until 2001. Through her employer, she was covered by a health care benefits plan. The plaintiff's Complaint mistakenly asserts that the plan was sponsored by defendant Aetna; however, the plan was sponsored by NewMarket, and Aetna served as Claims Administrator for the plan. See NewMarket Corporation and Affiliates Medical Care Program Summary Plan Description, pp. 19-20. In 1994, Hall discovered she was suffering from a lung disease

known as Sarcoidosis.  After Ethyl closed its Natchez plant in 2001, she continued to pay a premium to Aetna for continuing health coverage.  Hall paid her last premium to Aetna in December of 2004.  Complaint, ¶ 11.  In July of 2005, she secured health care coverage through Blue Cross Blue Shield.  In June of 2007, her primary care physician determined that she needed to undergo a double-lung transplant.  She was admitted to Barnes-Jewish Hospital in St. Louis, Missouri in September of 2007.  Complaint, ¶¶ 12-14.

The plaintiff further alleges that while she was at Barnes-Jewish, a hospital employee ran a routine check to determine her health insurance coverage and was informed that Aetna was a health care insurer for the plaintiff.  Hall also states that she contacted Aetna herself on several occasions to inquire into her health coverage, and that Aetna represented to her and to the hospital, both orally and in writing, that she was still insured by Aetna and that the double-lung transplant was a covered procedure under the plan.  The plaintiff states that in reliance on the representations made by Aetna, she discontinued her insurance policy with Blue Cross Blue Shield.  Complaint, ¶¶ 15-20.

In December of 2007 the double-lung transplant surgery was performed and all medical and other health care bills were forwarded to Aetna.  Subsequently, the hospital informed Hall that she was not covered under the Aetna plan.  The plaintiff states that she contacted Aetna and was told they had inadvertently failed

to cancel her coverage after she ceased paying premiums. Complaint, ¶¶ 23-25. Aetna cancelled her coverage on December 31, 2007, effective December 31, 2005. Complaint, ¶ 26. The plaintiff states that but for the representation of coverage made to her by Aetna, she would not have cancelled her Blue Cross Blue Shield policy which would have covered the double-lung transplant surgery and related expenses. Complaint, ¶¶ 28-31.

Hall is suing Aetna and NewMarket under Mississippi state law for equitable estoppel, promissory estoppel, negligent misrepresentation, and negligent infliction of emotional distress. As damages she seeks all past and future expenses relating to her double-lung transplant and related condition, damages for mental and emotional distress, and punitive damages.

The defendants have moved to dismiss all claims on the basis of preemption by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff. Central Laborers' Pension Fund v. Integrated Elec. Services Inc., 497 F.3d 546, 550 (5th Cir. 2007). The motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "To

3

survive a rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007)(quoting Twombly, 550 U.S. at 555).

There are two types of preemption under ERISA. "Complete preemption" arises under ERISA § 502, and converts a state law civil complaint which alleges a cause of action falling within ERISA's enforcement provision into one which alleges a federal claim for purposes of the well-pleaded complaint rule, thereby giving a federal court subject matter (federal question) jurisdiction . See Aetna Health Inc. v. Davila, 542 U.S. 200, 207-09 (2004); McClelland v. Gronwaldt, 155 F.3d 507, 517 (1998)("complete preemption 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' generally rendering the entire case removable to federal court at the discretion of the defendant")(quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). In this case, the Court already has subject matter (diversity of citizenship) jurisdiction; therefore, a complete preemption analysis is not necessary. See Haynes v. Prudential Health Care, 313 F.2d 330, 334 (5th Cir. 2002); AutoNation, Inc. v. United Halthcare Ins. Co., 423 F.Supp.2d 1265, 1269 (S.D. Fla.

2006). Instead, the Court looks to "conflict preemption," which arises under ERISA § 514. "[A]ny and all State laws [are displaced or superceded] insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a).

A law "relates to" an ERISA plan if it has a connection with or reference to a plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (quoting Metropolitan Life, 471 U.S. at 739). The phrase "relate to" has been interpreted to apply in a broad and sweeping manner.[1] Heimann, 187 F.3d at 512. The term "State law" is defined by the statute as including "all laws, decisions, rules, regulations, or other State action having the effect of law ... ." 29 U.S.C. § 1144(c)(1). Therefore, the preemptive effect of § 1144(a) applies to all state law claims that "relate to" an employee benefit plan, whether derived from legislative enactment or state common law. See Lee v. E.I. DuPont de Nemours & Co., 894 F.2d 755, 757-58 (5th Cir. 1990).

The Fifth Circuit has recognized the Supreme Court's "connection or reference" test as applicable to the issue of whether state law claims "relate to" an ERISA plan under § 1144(a).

---

[1] Notwithstanding the broad sweep of § 1144(a), subsection (b), termed the "savings clause," excludes or saves from preemption "any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). There are also exceptions to the savings clause. However, the "savings clause" has no application to the case sub judice since the plaintiff has not invoked any state laws regulating insurance, banking or securities.

See Texas Pharmacy Ass'n v. Prudential Ins. Co. of Am., 105 F.3d 1035, 1037 (5th Cir. 1997); CIGNA Healthplan, Inc. v. Louisiana, 82 F.3d 642, 647 (5th Cir. 1996). The appellate court has also stated that a claim "relates to a plan" when the very essence of the claim is premised on the existence of an employee benefit plan. See Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1220 (5th Cir. 1992). If the claims could not be made if the plan ceased to exist, they are preempted by ERISA. See id.; Gibson v. Wyatt Cafeterias, Inc., 782 F.Supp. 331, 335 (E.D. Tex. 1992)(state law claim in Lee v. E.I. DuPont de Nemours & Co. [supra] "was related to a benefit plan because without the plan the cause of action would not have existed."). The Fifth Circuit has also held that claims "relate to" an employee benefit plan and are preempted under § 1144(a) when they affect employee benefit structures or their administration. See Texas Pharmacy Ass'n, 105 F.3d at 1037; CIGNA Healthplan, Inc., 82 F.3d at 648 & n.38. In Hook v. Morrison Milling Co., 38 F.3d 776 (5th Cir. 1994), the Fifth Circuit held:

> ... ERISA preempts any state law that refers to or has a connection with an ERISA plan even if that law (I) is not specifically designed to affect such plans, (ii) affects such plans only indirectly, or (iii) is consistent with ERISA's substantive requirements.

Id. at 781 (footnote and citations omitted).

Although preemption under § 1144(a) is clearly expansive, the courts have recognized that the breadth of conflict preemption is not without limits. Nickel v. Estes, 122 F.3d 294, 297 (5th Cir.

1997)(citing <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 100 n.21 (1983)). The Supreme Court has indicated that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." <u>Shaw</u>, 463 U.S. at 100 n.21. This reflects the Supreme Court's concern with the traditional principle of federalism. <u>Hook</u>, 38 F.3d at 781. To further aid in the preemption inquiry, the Fifth Circuit has devised another two-prong test:

> We have found preemption of a state law claim if (1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and (2) the claim directly affects the relationship among the traditional ERISA entities (<u>i.e.</u>, plan administrators/fiduciaries and plan participants/beneficiaries).

<u>Id</u>. (citing <u>Memorial Hosp. Sys. v. Northbrook Life Ins. Co.</u>, 904 F.2d 236, 245 (5th Cir. 1990), and <u>Sommers Drug Stores Co. v. Corrigan Enterprises, Inc.</u>, 793 F.2d 1456, 1467-68 (5th Cir. 1986)).

In the case <u>sub</u> <u>judice</u>, the plaintiff's state law causes of action share a common allegation: that the defendants represented she was still insured by Aetna and they would pay for her double-lung transplant and related expenses, and in reliance thereon she discontinued her insurance policy with Blue Cross Blue Shield, thus incurring liability for the medical expenses when the defendants revealed she was not in fact insured by Aetna.

The plaintiff does not make claims against the defendants

for benefits under an ERISA plan. She does not claim any rights under a plan, and does not claim any breach of the plan contract, nor does she seek to enforce or modify the terms of a plan. The parties agree that no plan existed that covered the plaintiff at the time the alleged representations were made to her. The fact that the damages she seeks overlap with benefits she might have been able to receive if an ERISA plan which covered her actually existed, as allegedly represented to her by the defendants, does not mean that she is seeking benefits under an ERISA plan. See Woods v. Texas Aggregates, L.L.C., 459 F.3d 600, 602 (5th Cir. 2006); Memorial Hosp. Sys., 904 F.2d at 247 (fact that plaintiff's "damages, if it should prevail, would be measured in part by the amount of benefits it would have received had there been no misrepresentation regarding coverage," was insufficient to find preemption because "[t]he benefits issue arises only to set a benchmark on payments [the plaintiff] could have reluctantly relied upon, and to prevent a court from speculating on the proper amount of damages"); Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc., 944 F.2d 752, 755 ("If [the plaintiff] prevails, merely because its damages would be based upon the amount of potential plan benefits does not implicate the administration of the plan, and is not consequential enough to connect the action with, or relate the action to, the plan.")(citing Memorial Hosp. Sys., 904 F.2d at 247). "In addition, a one-time recovery from

[the defendants] would not affect the on-going administration or obligations of an ERISA plan, as would be the case, for example, in an action brought by a pension plan beneficiary for an increase in retirement benefits." Memorial Hosp. Sys., 904 F.2d at 247; see also Hospice of Metro Denver, 944 F.2d at 755 ("The payment of the judgment would be a one time, lump-sum amount and would not further burden the plan, either financially or administratively." (citing Totton v. New York Life Ins. Co., 685 F.Supp. 27, 31 (D. Conn. 1987)).

Hall has not alleged any conduct on the part of the defendants which relates to the administration of a plan or to the processing of any covered claim, or which impinges on any employee's ERISA rights. Adjudication of the plaintiff's claims will not require any consideration or interpretation of an ERISA plan. None of the plaintiff's claims require interpretation of plan documents, determinations about the rights of participants or beneficiaries, or determinations about the duties of a fiduciary, employer, sponsor, or plan administrator. Therefore, no ERISA-regulated duty is involved in this action. The plaintiff's state law claims do not arise due to her coverage under an ERISA plan; to the contrary, they arise because there is no ERISA plan coverage, and no ERISA plan coverage existed at the time of the alleged misrepresentations. The Court therefore finds that the plaintiff's state law claims are not preempted under 29 U.S.C. § 1144(a) in

that they do not implicate an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA benefit plan.

Furthermore, the plaintiff is not bringing suit as a participant or beneficiary, nor on behalf of participants or beneficiaries under a plan. The plaintiff does not qualify as a participant or beneficiary under a plan, and did not qualify as a participant or beneficiary at the time the alleged misrepresentations were made to her. If the plaintiff lacks standing to assert her claims under ERISA, she is free to pursue state law remedies. See Weaver v. Employers Underwriters, Inc., 13 F.3d 172, 177 (5th Cir. 1994)(state law claims by a nonparticipant and non-beneficiary do not affect relationship between traditional ERISA entities). Because the plaintiff is not a beneficiary or a participant and does not have standing to bring suit under ERISA, her state law claims are not preempted by ERISA. Id.

The plaintiff's claims have no connection with or reference to an ERISA plan sufficient to find that they "relate to" an ERISA plan under § 1144(a). Her claims are not premised on the existence of an ERISA plan, and do not implicate an area of exclusive federal concern. In addition, her claims do not directly affect relationships among traditional ERISA entities. Hall's claims are therefore not exempted under ERISA § 514. The defendants' motions are not well taken and shall be denied. Accordingly,

IT IS HEREBY ORDERED that defendant Aetna Life Insurance Company's motion to dismiss **(docket entry 6)**, and defendant NewMarket Corporation's motion to dismiss **(docket entry 9)** are DENIED.

SO ORDERED, this the 28th day of December, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE