```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


THERESA HALL                                            PLAINTIFF

VS.                              CIVIL ACTION NO. 5:09-cv-41(DCB)(JMR)

NEWMARKET CORPORATION;
AETNA LIFE INSURANCE
COMPANY; and JOHN DOES 1-10                            DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants Aetna Life Insurance Company ("Aetna") and NewMarket Corporation ("NewMarket")'s Motion for Reconsideration of this Court's order denying their motions to dismiss or, in the alternative, for amendment of the order to add a certificate for interlocutory appeal **(docket entry 21)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The defendants bring their motion pursuant to Fed.R.Civ.P. 59(e), which allows a court to alter or amend a judgment or order if, <u>inter</u> <u>alia</u>, there is a need to correct a clear or manifest error in law or fact. The defendants urge the Court to reconsider its prior order, alleging manifest errors of both law and fact. The Court does not find any errors of fact. It does, however, find that the law was not correctly applied to the facts. For clarity's sake, the Court will first reiterate the facts as set forth in the prior opinion, and that law which the Court finds was correctly

applied.  Then the Court will discuss the incorrect findings of law and make any warranted corrections.

In her Complaint, the plaintiff Theresa Hall ("Hall") alleges the following:  She was employed by Ethyl Corporation ("Ethyl"), a subsidiary of defendant NewMarket, in Natchez, Mississippi, from 1991 until 2001.  Through her employer, she was covered by a health care benefits plan.  The plaintiff's Complaint mistakenly asserts that the plan was sponsored by defendant Aetna; however, the plan was sponsored by NewMarket, and Aetna served as Claims Administrator for the plan.  See NewMarket Corporation and Affiliates Medical Care Program Summary Plan Description, pp. 19-20.  In 1994, Hall discovered she was suffering from a lung disease known as Sarcoidosis.  After Ethyl closed its Natchez plant in 2001, she continued to pay a premium to Aetna for continuing health coverage.  Hall paid her last premium to Aetna in December of 2004.  Complaint, ¶ 11.  In July of 2005, she secured health care coverage through Blue Cross Blue Shield.  In June of 2007, her primary care physician determined that she needed to undergo a double-lung transplant.  She was admitted to Barnes-Jewish Hospital in St. Louis, Missouri in September of 2007.  Complaint, ¶¶ 12-14.

The plaintiff further alleges that while she was at Barnes-Jewish, a hospital employee ran a routine check to determine her health insurance coverage and was informed that Aetna was a health care insurer for the plaintiff.  Hall also states that she

2

contacted Aetna herself on several occasions to inquire into her health coverage, and that Aetna represented to her and to the hospital, both orally and in writing, that she was still insured by Aetna and that the double-lung transplant was a covered procedure under the plan. The plaintiff states that in reliance on the representations made by Aetna, she discontinued her insurance policy with Blue Cross Blue Shield. Complaint, ¶¶ 15-20.

In December of 2007 the double-lung transplant surgery was performed and all medical and other health care bills were forwarded to Aetna. Subsequently, the hospital informed Hall that she was not covered under the Aetna plan. The plaintiff states that she contacted Aetna and was told they had inadvertently failed to cancel her coverage after she ceased paying premiums. Complaint, ¶¶ 23-25. Aetna cancelled her coverage on December 31, 2007, effective December 31, 2005. Complaint, ¶ 26. The plaintiff states that but for the representation of coverage made to her by Aetna, she would not have cancelled her Blue Cross Blue Shield policy which would have covered the double-lung transplant surgery and related expenses. Complaint, ¶¶ 28-31.

Hall is suing Aetna and NewMarket under Mississippi state law for equitable estoppel, promissory estoppel, negligent misrepresentation, and negligent infliction of emotional distress. As damages she seeks all past and future expenses relating to her double-lung transplant and related condition, damages for mental

and emotional distress, and punitive damages.

The defendants have moved to dismiss all claims on the basis of preemption by the Employee Retirement Income Security Act of 1974 ("ERISA "), 29 U.S.C. § 1001, <u>et</u> <u>seq</u>. In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff. <u>Central Laborers' Pension Fund v. Integrated Elec. Services Inc.</u>, 497 F.3d 546, 550 (5th Cir. 2007). The motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "To survive a rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" <u>Cuvillier v. Sullivan</u>, 503 F.3d 397, 401 (5th Cir. 2007)(quoting <u>Twombly</u>, 550 U.S. at 555).

There are two types of preemption under ERISA. "Complete preemption" arises under ERISA § 502, and converts a state law civil complaint which alleges a cause of action falling within ERISA's enforcement provision into one which alleges a federal claim for purposes of the well-pleaded complaint rule, thereby giving a federal court subject matter (federal question)

jurisdiction . See Aetna Health Inc. v. Davila, 542 U.S. 200, 207-09 (2004); McClelland v. Gronwaldt, 155 F.3d 507, 517 (1998)("complete preemption 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' generally rendering the entire case removable to federal court at the discretion of the defendant")(quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).  In this case, the Court already has subject matter (diversity of citizenship) jurisdiction; therefore, a complete preemption analysis is not necessary.  See Haynes v. Prudential Health Care, 313 F.2d 330, 334 (5th Cir. 2002); AutoNation, Inc. v. United Halthcare Ins. Co., 423 F.Supp.2d 1265, 1269 (S.D. Fla. 2006).  Instead, the Court looks to "conflict preemption," which arises under ERISA § 514.  "[A]ny and all State laws [are displaced or superceded] insofar as they ... relate to any employee benefit plan."  29 U.S.C. § 1144(a).

A law "relates to" an ERISA plan if it has a connection with or reference to a plan.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (quoting Metropolitan Life, 471 U.S. at 739).  The phrase "relate to" has been interpreted to apply in a broad and sweeping manner.[1]  Heimann, 187 F.3d at 512.  The term "State law"

---

[1] Notwithstanding the broad sweep of § 1144(a), subsection (b), termed the "savings clause," excludes or saves from preemption "any law of any State which regulates insurance, banking, or securities."  29 U.S.C. § 1144(b)(2)(A).  There are also exceptions to the savings clause.  However, the "savings

is defined by the statute as including "all laws, decisions, rules, regulations, or other State action having the effect of law ... ." 29 U.S.C. § 1144(c)(1). Therefore, the preemptive effect of § 1144(a) applies to all state law claims that "relate to" an employee benefit plan, whether derived from legislative enactment or state common law. See Lee v. E.I. DuPont de Nemours & Co., 894 F.2d 755, 757-58 (5th Cir. 1990).

The Fifth Circuit has recognized the Supreme Court's "connection or reference" test as applicable to the issue of whether state law claims "relate to" an ERISA plan under § 1144(a). See Texas Pharmacy Ass'n v. Prudential Ins. Co. of Am., 105 F.3d 1035, 1037 (5th Cir. 1997); CIGNA Healthplan, Inc. v. Louisiana, 82 F.3d 642, 647 (5th Cir. 1996). The appellate court has also stated that a claim "relates to a plan" when the very essence of the claim is premised on the existence of an employee benefit plan. See Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1220 (5th Cir. 1992). If the claims could not be made if the plan ceased to exist, they are preempted by ERISA. See id.; Gibson v. Wyatt Cafeterias, Inc., 782 F.Supp. 331, 335 (E.D. Tex. 1992)(state law claim in Lee v. E.I. DuPont de Nemours & Co. [supra] "was related to a benefit plan because without the plan the cause of action would not have

---

clause" has no application to the case sub judice since the plaintiff has not invoked any state laws regulating insurance, banking or securities.

6

existed."). The Fifth Circuit has also held that claims "relate to" an employee benefit plan and are preempted under § 1144(a) when they affect employee benefit structures or their administration. See Texas Pharmacy Ass'n, 105 F.3d at 1037; CIGNA Healthplan, Inc., 82 F.3d at 648 & n.38. In Hook v. Morrison Milling Co., 38 F.3d 776 (5th Cir. 1994), the Fifth Circuit held:

> ... ERISA preempts any state law that refers to or has a connection with an ERISA plan even if that law (i) is not specifically designed to affect such plans, (ii) affects such plans only indirectly, or (iii) is consistent with ERISA's substantive requirements.

Id. at 781 (footnote and citations omitted).

Although preemption under § 1144(a) is clearly expansive, the courts have recognized that the breadth of conflict preemption is not without limits. Nickel v. Estes, 122 F.3d 294, 297 (5th Cir. 1997)(citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n.21 (1983)). The Supreme Court has indicated that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw, 463 U.S. at 100 n.21. This reflects the Supreme Court's concern with the traditional principle of federalism. Hook, 38 F.3d at 781. To further aid in the preemption inquiry, the Fifth Circuit has devised another two-prong test:

> We have found preemption of a state law claim if (1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and (2) the claim directly affects the

> relationship among the traditional ERISA entities (i.e., plan administrators/fiduciaries and plan participants/beneficiaries).

Id. (citing Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir. 1990), and Sommers Drug Stores Co. v. Corrigan Enterprises, Inc., 793 F.2d 1456, 1467-68 (5th Cir. 1986)).

In the case sub judice, the plaintiff's state law causes of action share a common allegation: that the defendants represented she was still insured by Aetna and they would pay for her double-lung transplant and related expenses, and in reliance thereon she discontinued her insurance policy with Blue Cross Blue Shield, thus incurring liability for the medical expenses when the defendants revealed she was not in fact insured by Aetna.

In its previous opinion, the Court analogized the facts of this case with those of Memorial Hosp. Sys., supra. The Court now finds that the analogy was misplaced. Memorial was filed by a third party medical service provider, Memorial Hospital, against an ERISA plan sponsor and plan insurer. Memorial sought to recover payment for its services to a plan beneficiary on grounds that the insurer had misrepresented to it that the services to that beneficiary were covered under the plan. The Fifth Circuit found that to the extent Memorial asserted state law claims as an assignee of the beneficiary, those claims were preempted by ERISA. Memorial Hosp. Sys., 904 F.2d at 250. However, to the extent that Memorial asserted a state law claim for deceptive and unfair trade

practices under the Texas Insurance Code, it acted in its independent status as a hospital.  This claim was "independent of the plan's actual obligations under the terms of the insurance policy and in no way [sought] to modify those obligations."  Id. Thus, the claim was not preempted.

The plaintiff in the case sub judice is not a third party health care provider, but a former employee and participant in an ERISA plan.  Thus, a more apt analogy would be found in cases brought by plan participants or beneficiaries, more specifically by former employees.[2]  In Lamberty v. Premier Millwork and Lumber Co., Inc., 329 F.Supp.2d 737 (E.D. Va. 2004), a former employee brought state law claims against her former employer, alleging that it had terminated her health insurance coverage but continued to represent to her that she was covered by insurance.  The court found that the plaintiff's state law claims amounted to a demand for past health care benefits from an ERISA plan, and were therefore preempted by ERISA.  Id. at 742, citing Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 418 (4th Cir. 1993).  Lamberty sought, as damages, her unpaid medical bills, the expenses, interest and costs associated with the unpaid medical bills, and the expense of obtaining health insurance from another source.  The district court found that "[t]he

---

[2] The Court finds that the analogy in its prior opinion to Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc., 944 F.2d 752 (10th Cir. 1991), was misplaced for similar reasons.

9

requested relief is plainly a demand for past health care benefits which were withheld because of defendants' alleged malfeasance, and the court can see no alternative way of accurately characterizing the claims." Id.  In other words, the plan benefits were "the very core and substance of plaintiff's potential relief." Id. Consequently, the plaintiff's claim could not be resolved without referencing the relevant ERISA plan. Id. See also Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994)(plaintiff's common law misrepresentation claim preempted by ERISA where "the existence of the [ERISA plan] is inseparably connected to any determination of liability under state common law of misrepresentation").

In Serpa v. SBC Telecommunications, Inc., 318 F.Supp.2d 865 (N.D. Cal. 2004), the plaintiff, a retired employee, brought state law claims against her former employer and the administrator of her former employer's ERISA plan, alleging negligence, promissory estoppel, fraud, and unfair business practices.  The plaintiff argued against ERISA preemption on the grounds that she did not dispute or seek to increase the benefit amount, but only sought damages as a result of allegedly being misinformed about her former husband's share of her retirement benefits.  The court found that the plaintiff's claims would not exist but for the defendants' failure to pay expected benefits; therefore, the claims were "related to" the plan and ERISA preemption applied. Id. at 870-71.

> Serpa's claims would not exist absent the defendants' failure to pay retirement benefits.  The court need not

>  resort to any form of "uncritical literalism" to reach this conclusion: Had the Pension Plan paid out the amount Serpa expected, her state law claims for negligence, promissory estoppel, fraud, and unfair business practices would have no basis in fact or law.

Id. at 871.

In Egan v. Marsh & McLennan Companies, Inc., 2008 WL 245511 (S.D. N.Y. Jan. 30, 2008), a former officer of a corporation brought state law claims against his former employer and two of its ERISA severance plans, alleging promissory estoppel based on the defendants' oral modifications to the ERISA severance plans. The plaintiff argued against preemption by claiming that he was not seeking to recover benefits, to alter future payments, or to reinstate health benefits, nor did he claim that the defendants were misapplying the terms of the plans. The court found:

> "Whether ERISA preempts [plaintiff's] state law claims does not depend[, however,] on whether he brings an ERISA claim" and seeks to recover the actual benefits awarded under the terms of an ERISA plan. Rather, preemption "depends on whether his claims 'relate to an employee's severance plan." [quoting Tappe v. Alliance Capital Mgmt., 177 F.Supp.2d 176, 188 (S.D. N.Y. 2001)(emphasis added in Egan)] Similar to the approach rejected by the Second Circuit in Smith v. Dunham-Bush, Inc. [959 F.2d 6 (2nd Cir. 1992)], plaintiff's "attempt[] to fashion his complaint as one relating only to his [termination] benefits, and not to any plan" is unavailing where, as here, "the existence of [defendants'][severance] plan is inseparably connected to any determination of liability under state law." [Id. at 11] Indeed, although plaintiff may not seek the actual benefits available under MMC's formal severance plans, "[i]t is well-settled that claims to recover the lost value of benefits arising under ... the terms of an ERISA plan are completely preempted ..." [Deutsh v. Kroll Assocs., 2003 WL 367884, at *1 (S.D.N.Y. Sept. 23, 2003)(emphasis added & citations omitted in Egan)].

> Moreover, a plaintiff's claims are preempted where "[i]n reality, his suit represents an attempt to supplement the plan[s'] express provisions and secure an additional benefit." [quoting Smith, 959 F.2d at 10] while plaintiff contends that these state law claims have no connection to MMC's ERISA plans, plaintiff is essentially alleging that MMC's practice and oral representations regarding termination benefits to partners and officers constituted a major modification to, and enhancement of, the terms of its written plans governing benefits for those individuals. Plaintiff's claims relate "not merely to his benefits, but to the essence" of MMC's severance plans themselves and in light of the breadth of ERISA's preemption clause [see Tappe, 177 F.Supp.2d at 188], the third and sixth claims [for breach of implied contract and breach of policy] must be dismissed.

Id. at *7-8 (footnotes omitted). The court also noted that in Smith, 959 F.2d at 10, the Second Circuit affirmed the "district court's holding that plaintiff's claim for benefits in addition to those provided under his employer's ERISA plan was preempted by ERISA notwithstanding the fact that plaintiff sued his employer rather than the plan, and plaintiff did not challenge his benefits under the plan nor did he seek recovery from the plan's assets." Id. at *8, n.102.

Upon reconsideration, this Court finds that the defendants in the case sub judice are correct in arguing that Hall's claims are premised on the existence of the NewMarket ERISA plan, and that she cannot avoid ERISA preemption simply by claiming that she is not seeking benefits under the plan. The plaintiff's claims directly implicate the administration of the ERISA plan, and directly affect the relationship among traditional ERISA entities (the employer,

the plan and its fiduciaries, and the participants and beneficiaries), both of which are areas of exclusive federal concern.  Although Hall was no longer a participant in the ERISA plan at the time of the alleged misrepresentations, she claims she was led to believe, and reasonably relied on Aetna's representations, that she was entitled to benefits as a participant or beneficiary.  See Cornett v. Aetna Life Ins. Co., 933 F.Supp. 641, 645 (S.D. Tex. 1995)("[T]he law does not recognize a distinction between beneficiaries and former beneficiaries insofar as Plaintiff's claim and the scope of ERISA preemption.").  Her claims are also "intricately bound up with the interpretation and administration of an ERISA plan."  See Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 944 (5th Cir. 1995)(finding ERISA preemption where plaintiff's claims were intricately bound up with the interpretation and administration of an ERISA plan, notwithstanding the fact that the plaintiff was not seeking benefits under the plan).

For the foregoing reasons, the Court finds that the plaintiff's state law claims for equitable estoppel, promissory estoppel, negligent misrepresentation, and negligent infliction of emotional distress are preempted by ERISA and shall be dismissed.  The Court also finds, however, that the plaintiff should be given an opportunity to seek leave to amend her complaint to state a claim for relief under ERISA.  Although some of her claims may not

13

be viable under ERISA, others may survive as, for example, claims for breach of fiduciary duty or for equitable estoppel. <u>See</u>, <u>e.g.</u>, <u>Mello v. Sara Lee Corporation</u>, 431 F.3d 440 (5th Cir. 2005). Accordingly,

IT IS HEREBY ORDERED that the defendants Aetna Life Insurance Company and NewMarket Corporation's Motion for Reconsideration of this Court's order denying their motions to dismiss **(docket entry 21)** is GRANTED;

FURTHER ORDERED that defendant Aetna Life Insurance Company's motion to dismiss **(docket entry 6)** and defendant NewMarket Corporation's motion to dismiss **(docket entry 9)** are GRANTED;

FURTHER ORDERED that defendants Aetna Life Insurance Company and NewMarket Corporation's motion, in the alternative, for amendment to add a certificate for interlocutory appeal is denied as moot;

FURTHER ORDERED that the plaintiff shall have ten (10) days from the date of entry of this Order to file a motion for leave to amend her complaint to state a federal claim under ERISA.  In the event the plaintiff elects not to seek leave to amend during such time, the Court will dismiss this action with prejudice.

SO ORDERED, this the 29th day of September, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE
