```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

THERESA HALL                                              PLAINTIFF

VS.                           CIVIL ACTION NO. 5:09-cv-41(DCB)(JMR)

NEWMARKET CORPORATION;
AETNA LIFE INSURANCE
COMPANY; and JOHN DOES 1-10                              DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants Aetna Life Insurance Company ("Aetna")'s Motion to Dismiss **(docket entry 39)** and NewMarket Corporation ("NewMarket")'s Motion to Dismiss **(docket entry 41)**.  Having carefully considered the motions and the plaintiff's response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The facts of this case are set forth in the Court's Memorandum Opinion and Order of September 29, 2010.  Hall initially sued the defendants on state-law claims for equitable estoppel, promissory estoppel, negligent misrepresentation, and negligent infliction of emotional distress.  In its September 29, 2010 Order, the Court concluded that Hall's state-law claims were preempted by ERISA and therefore dismissed them.  The Court also granted Hall leave to amend her pleadings to assert a claim under ERISA.  Hall has filed a Second Amended Complaint asserting two causes of action - ERISA estoppel and breach of fiduciary duty under ERISA.  The defendants seek dismissal of both claims.

The defendants bring their motions pursuant to Fed.R.Civ.P. 12(b)(6), which is designed "to test the formal sufficiency of the statement of the claim for relief," not to resolve "a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 (2004).  With the limited exception of those cases described in Fed.R.Civ.P. 9, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  However, while Rule 8(a) is not exacting, it does require "a 'showing,' rather than a blanket assertion, of entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1950 (2009)(quoting Twombly, 550 U.S. at 561-62).

The Fifth Circuit requires that a plaintiff must show three elements to establish a claim for ERISA estoppel: (1) a material misrepresentation, (2) reasonable and detrimental reliance upon that representation, and (3) extraordinary circumstances. Mello v. Sara Lee Corp., 431 F.3d 440, 444-445 (5th Cir. 2005).  Hall also brings a claim for material misrepresentation as a claim for breach

of fiduciary duty under ERISA.  Plaintiff's Response, p. 14 (citing Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 235 (3rd Cir. 1994)).

The Court finds that the plaintiff has sufficiently pled the elements of her causes of action, and that her complaint meets the requirements of Twombly and Iqbal.  The defendants' contentions that there was no fiduciary duty and no material misrepresentations, that the plaintiff did not rely on their representations and if she did rely, her reliance was not justifiable, and that there were no extraordinary circumstances, are issues better taken up at the summary judgment stage. Accordingly,

IT IS HEREBY ORDERED that the defendants Aetna Life Insurance Company's Motion to Dismiss **(docket entry 39)** and NewMarket Corporation's Motion to Dismiss **(docket entry 41)** are DENIED.

SO ORDERED, this the 29th day of September, 2011.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

3