IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| THERESA HALL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:09cv41 DCB-JMR |
| | § | |
| NEWMARKET CORPORATION, | § | |
| AETNA, INC. d/b/a AETNA U.S. | § | |
| LIFE INSURANCE COMPANY, | § | |
| and JOHN DOES 1-10, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO RECONSIDER THE COURT'S SEPTEMBER 30, 2011
MEMORANDUM OPINION AND ORDER DENYING THE DEFENDANTS'
MOTIONS TO DISMISS, OR, IN THE ALTERNATIVE, FOR AMENDMENT
OF THE ORDER TO ADD A CERTIFICATE FOR INTERLOCUTORY APPEAL**

Respectfully submitted,

Edward P. Perrin, Jr.
Texas Bar No. 15796700
Jennifer R. Poe
Texas Bar No. 00794470
HALLETT & PERRIN, P.C.
2001 Bryan Street, Suite 3900
Dallas, Texas 75201
Telephone: (214) 953-0053
Facsimile: (214) 922-4141

FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
J. Chase Bryan
200 S. Lamar Street, Suite 100
Post Office Box 22608
Jackson, MS 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

*Attorneys for Defendant New Market Corporation*

Roy H. Liddell (MSB #1252)
Kevin A. Rogers (MSB # 101230)
WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, MS 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901

*Attorneys for Aetna Life Insurance
Company*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  This Court Has the Power to Reconsider Its Opinion and Order to Correct Clear Errors of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  Plaintiff Has Failed to Plead Damage to an ERISA Plan, a Fundamental Requirement for a Breach of Fiduciary Duty Claim Under ERISA Section 502(a)(2) . . . . . . . 3

    C.  Plaintiff Has Failed to Plead Anything Other Than Monetary Damages, Which Do Not Qualify as Equitable Relief" Available Under ERISA Section 502(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    D.  Plaintiff Has Failed to Plead Any Direct Allegations That Would Support the Extraordinary Circumstances Element Necessary to Sustain a Claim for ERISA Equitable Estoppel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    E.  Plaintiff Has Failed to Plead *Reasonable* Reliance in Light of Fifth Circuit Authority Rejecting Reliance on Representations Inconsistent with Clear and Unambiguous Terms of an ERISA Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    F.  If the Court Will Not Reconsider Its Opinion and Order, It Should Allow Defendants to Seek an Interlocutory Appeal to the Fifth Circuit . . . . . . . . . . . . . . . . . . . . . . 16

III PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## Cases

*Amschwand v. Spherion Corp.*, 505 F.3d 342 (5th Cir. 2007),
*cert. denied*, 128 S. Ct. 2995 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . 6, 8, 12, 13, 16

*Association Cas. Ins. Co. v. Allstate Ins. Co.*, 507 F. Supp. 2d 610 (S.D. Miss. 2007) . . . . . . 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*Belmonte v. Examination Management Servs., Inc.*,
730 F. Supp. 2d 603 (N.D. Tex. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Brandon v. Davis*, No. 5:09cv35-DCB-MTP, 2010 WL 169405 (S.D. Miss. Jan. 8, 2010) . . . . . 2

*Butler v. Trustmark Ins. Co.*, 211 F. Supp. 2d 803 (S.D. Miss. 2002) . . . . . . . . . . . . . . . . . . . 15

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 3, 6, 12

*Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440 (5th Cir.),
*cert. denied*, 476 U.S. 1159 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004) . . . . . . . . . . . . . . . 15

*Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655 (S.D. Miss. 2007) . . . . . . . . . . . . . . . . . . . . 3, 6

*Constantine v. American Airlines Pension Benefit Plan*,
162 F. Supp. 2d 552 (N.D. Tex. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cunningham v. Dun & Bradstreet Plan Servs., Inc.*, 889 F. Supp. 932
(N.D. Miss. 1995), *aff'd*, 105 F.3d 655 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Evans v. Sterling Chems., Inc.*, Civ. Action No. 4:07-cv-624, 2010 WL 2671719
(S.D. Tex. July 1, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Great-West Life & Annuity Ins. Co.*, 534 U.S. 204 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hayne v. The Innocence Project*, No. 3:09-CV-218-KS-LRA, 2011 WL 198128
(S.D. Miss. Jan. 20, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*High v. E-Systems Inc.*, 459 F.3d 573 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Joe v. Minnesota Life Ins. Co.*, 272 F. Supp. 2d 603 (S.D. Miss. 2003) . . . . . . . . . . . . . . . . . . . 3

*Khan v. American Int'l Group, Inc.*, 654 F. Supp. 2d 617 (S.D. Tex. 2009) . . . . . . . . . . . . 7, 10

*LaFarge v. Kyker*, No. 1:08CV185-SA-JAD, 2009 WL 4110887
(N.D. Miss. Nov. 23, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299 (5th Cir. 2007) . . . . . . . . . . . . . . . . . 5

*LaRue v. DeWolff, Boberg & Assocs., Inc.*, 128 S. Ct. 1020 (2008) . . . . . . . . . . . . . . . . . . . . . . 4

*Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771 (S.D. Miss. 1992),
*aff'd*, 42 F.3d 642 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Massachusetts Mutual Life. Ins. Co. v. Russell*, 473 U.S. 134 (1985) . . . . . . . . . . . . . . . . . . . . . 4

*Matassarin v. Lynch*, 174 F.3d 549 (5th Cir. 1999), *cert. denied*, 528 U.S. 1116 (2000) . . . . . . . 5

*McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234 (5th Cir. 1995),
*cert. denied*, 516 U.S. 1174 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mello v. Sara Lee Corp.*, 431 F.3d 440 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13, 14

*Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145 (5th Cir. 2010) . . . . . . . . . . . . . . 3

*Nichols v. Alcatel USA, Inc.*, 532 F.3d 364 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Riley v. Blue Cross & Blue Shield of Miss.*, No. 3:09CV674HTW-LRA,
2011 WL 2976926 (S.D. Miss. July 21, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*St. Germain v. Howard*, 556 F.3d 261 (5th Cir.), *cert. denied*, 129 S. Ct. 2835 (2009) . . . . . . 12

*Sanborn-Alder v. Cigna Group Insurance*, 771 F. Supp. 2d 713 (S.D. Tex. 2011) . . . . 10, 11, 14

*Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . 3

*Shonowo v. Transocean Offshore Deepwater, Inc.*,
Civil Action No. 4:10-cv-1500, 2011 WL 3418405 (S.D. Tex. Aug. 3, 2011) . . . . . . . . . . 10, 14

*Smith v. Hartford Life & Accident Ins. Co.*, No. 2:11cv35KS-MTP,
2011 WL 1402880 (S.D. Miss. Apr. 13, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sullivan v. AT&T, Inc.*, Civ. Action No. 3-08-CV-1089-M, 2010 WL 905567
(N.D. Tex. Mar. 12, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Warnock v. State Farm Mut. Auto. Ins. Co.*, No. 5:08cv01-DCB-JMR,
2008 WL 5272063 (S.D. Miss. Dec. 17, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wilson v. Kimberly-Clark Corp.*, 254 Fed. Appx. 280, 2007 WL 3251684
(5th Cir. Nov. 5, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## Statutes

28 U.S.C. § 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16, 17

29 U.S.C. § 1109(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C. § 1132(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

29 U.S.C. § 1132(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

COME NOW Defendants NewMarket Corporation ("NewMarket") and Aetna Life Insurance Company ("Aetna") (collectively "Defendants") and hereby submit the following Memorandum Brief in Support of their Joint Motion to Reconsider the Court's September 30, 2011 Memorandum Opinion and Order Denying the Defendants' Motions to Dismiss [Docket No. 50], or, in the Alternative, for Amendment of the Order to Add a Certificate for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and would respectfully show the Court as follows:

## I.
## SUMMARY OF ARGUMENT

In support of their respective Motions to Dismiss, Defendants identified several fatal pleading deficiencies in Plaintiff's Second Amended Complaint.[1] In its September 30, 2011 Memorandum Opinion and Order ("Opinion and Order"), the Court denied the Motions based on its identification of certain issues raised by Defendants as "issues better taken up at the summary judgment stage." However, the Opinion and Order wholly overlooked two of the issues raised by Defendants — (1) that Plaintiff has failed to plead a claim for breach of fiduciary duty under ERISA § 502(a)(2) because she has not alleged any harm to, and is not seeking any recovery on behalf of, an ERISA plan; and (2) that Plaintiff has failed to plead a claim for breach of fiduciary duty under ERISA § 502(a)(3) because she has not identified any "appropriate equitable relief" available to her under that section, but instead seeks only legal relief in the form of money damages. These pleading deficiencies are fatal to Plaintiff's ERISA breach of fiduciary duty claim, and the Court's failure to dismiss this claim was a clear error of law.

---

[1] *See generally* Defendant NewMarket Corporation's Brief in Support of Its Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted [Docket No. 42] ("NewMarket's Brief); Memorandum Brief in Support of Defendant Aetna's Motion to Dismiss [Docket No. 40] ("Aetna's Brief").

In addition, the Court's conclusion that certain of the issues raised by Defendants with regard to Plaintiff's pleading of her claim for ERISA equitable estoppel do not warrant dismissal disregards authority in this Circuit concerning what a plaintiff must plead to support the required elements of such a claim. First, the element of "extraordinary circumstances" requires allegations of some sort of intentional misconduct, bad faith, or intent to deceive, but factually Plaintiff only alleges that Defendants were "negligent." Otherwise, the Second Amended Complaint contains only a conclusory statement as to "extraordinary circumstances" being present. This amounts to nothing more than a formulaic recitation of this element of her claim and, as such, is insufficient to avoid dismissal. Second, Plaintiff's allegations of her *reasonable* reliance are not enough to assert a plausible claim to relief because the "misrepresentations" upon which she purports to have relied — effectively that she could still have coverage under the NewMarket Plan three years after she stopped paying her premiums for such coverage — are directly contrary to clear, unambiguous Plan terms. Because Plaintiff's pleading does not contain allegations essential to her ERISA equitable estoppel claim, the Court's failure to dismiss this claim was also a clear error of law.

## II.
## ARGUMENT AND AUTHORITIES

### A. This Court Has the Power to Reconsider Its Opinion and Order to Correct Clear Errors of Law.

This Court has the inherent power to reconsider, rescind, or modify interlocutory orders — like the Opinion and Order that denied Defendants' respective motions to dismiss — for any cause seen by it to be sufficient.[2] When analyzing a motion to reconsider, courts generally utilize the

---

[2]*See Brandon v. Davis*, No. 5:09cv35-DCB-MTP, 2010 WL 169405, at * 1 (S.D. Miss. Jan. 8, 2010) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

standards applicable to motions brought under Federal Rule of Civil Procedure 59, even though technically that Rule is only applicable to final judgments.[3] Rule 59 provides three circumstances under which reconsideration of an order is appropriate: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law and prevent manifest injustice."[4]

The Court's Opinion and Order contains clear errors of law as set forth more fully below. Accordingly, Defendants ask this Court to reconsider its Opinion and Order based on the third ground set forth above to correct such errors and to prevent manifest injustice.

**B.     Plaintiff Has Failed to Plead Damage to an ERISA Plan, a Fundamental Requirement for a Breach of Fiduciary Duty Claim Under ERISA Section 502(a)(2).**

To survive dismissal, a complaint must contain allegations regarding all required elements necessary to obtain relief.[5] It is improper for a court "to assume that the plaintiff can prove facts that they have not alleged."[6] In her Second Amended Complaint, Plaintiff purports to assert a claim for breach of fiduciary duty under ERISA § 502(a)(2).[7] In their respective Motions to Dismiss,

---

[3]*See id.* at *1 & n.2; *see also Warnock v. State Farm Mut. Auto. Ins. Co.*, No. 5:08cv01-DCB-JMR, 2008 WL 5272063, at *1 (S.D. Miss. Dec. 17, 2008); *Joe v. Minnesota Life Ins. Co.*, 272 F. Supp. 2d 603, 604 (S.D. Miss. 2003).

[4]*Warnock*, 2008 WL 5272063, at *1; *see also Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[5]*See, e.g., Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.") (quoting 2A MOORE'S FEDERAL PRACTICE ¶ 12.07 [2.-5] at 12-91); *Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 659 (S.D. Miss. 2007) (same); *see also Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 150 (5th Cir. 2010) (recognizing that the plaintiff had included no allegations in his complaint as to one of the elements necessary for his claim and affirming the dismissal of the plaintiff's complaint as a result).

[6]*See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 443 (5th Cir.), *cert. denied*, 476 U.S. 1159 (1986).

[7]Second Amended Complaint [Docket No. 38] ¶¶ 36, 48-52.

Defendants challenged Plaintiff's ability to bring such a claim based on the fact that she does not allege any harm to or seek any recovery for an ERISA *plan*, a necessary element for such a claim.[8] The Court's Opinion and Order makes no reference to this argument by Defendants.

ERISA § 502(a)(2) provides that "[a] civil action may be brought — . . . (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section [409] of this title."[9] In turn, ERISA § 409, titled "Liability for breach of fiduciary duty," states:

> Any person who is a fiduciary *with respect to a plan* who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses *to the plan* resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .[10]

The Supreme Court has interpreted this language and concluded that claims for breach of fiduciary duty brought under ERISA § 502(a)(2) must be asserted for the benefit of an ERISA plan, not for the personal benefit of plan participants:

> A fair contextual reading of this statue makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary.
>
> . . . .
>
> And the entire text of § 409 persuades us that Congress *did not intend that section to authorize any relief except for the plan itself.*[11]

---

[8] *See* NewMarket's Brief [Docket No. 42] at 7; Aetna's Brief [Docket No. 40] at 11-13.

[9] 29 U.S.C. § 1132(a)(2).

[10] 29 U.S.C. § 1109(a) (emphasis added).

[11] *Massachusetts Mutual Life. Ins. Co. v. Russell*, 473 U.S. 134, 142, 144 (1985) (emphasis added); *see also LaRue v. DeWolff, Boberg & Assocs., Inc.*, 128 S. Ct. 1020, 1026 (2008) (recognizing that § 502(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries"); *id.* at 1024 ("[O]ur review of ERISA as a whole confirmed that §§ 502(a)(2) and 409 protect the financial integrity of the plan.") (internal quotation marks omitted).

The Fifth Circuit and courts within this Circuit have consistently recognized this statutorily-imposed restriction on the type of claims that may be asserted under ERISA § 502(a)(2).[12]

Nowhere in her Second Amended Complaint does Plaintiff allege any harm to the NewMarket Plan or claim to be seeking to recover anything on behalf of such Plan. On the contrary, Plaintiff focuses exclusively on alleged damages to her: "Defendants *[sic]* breach of their fiduciary duty was the direct, actual and proximate cause of the damages *suffered by the Plaintiff.*"[13] Moreover, in responding to Defendants' respective motions to dismiss, Plaintiff made no attempt to address, much less to counter, Defendants' argument that a breach of fiduciary duty claim under ERISA § 502(a)(2) must involve harm to an ERISA plan itself, rather than to participants of that plan, or to claim that she is, in fact, seeking relief on behalf of a plan.[14]

---

[12] *See, e.g., Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 307 (5th Cir. 2007) ("ERISA § 502(a)(2) authorizes any plan participant or beneficiary to sue on behalf of the plan to remedy a breach of these [fiduciary] duties . . . ."); *Matassarin v. Lynch*, 174 F.3d 549, 565 (5th Cir. 1999) (recognizing that ERISA §§ 502(a)(2) and 409 "focus[] on fiduciary breaches that cause harm to a plan as a whole"), *cert. denied*, 528 U.S. 1116 (2000); *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 238 (5th Cir. 1995) ("[B]ecause the showing of a loss to the plan is required for any breach of fiduciary duty claims under § 1109 [ERISA § 409], the McDonalds' other breach claims also fail."), *cert. denied*, 516 U.S. 1174 (1996); *Riley v. Blue Cross & Blue Shield of Miss.*, No. 3:09CV674HTW-LRA, 2011 WL 2976926, at *7 (S.D. Miss. July 21, 2011) ("Recovery from a fiduciary under § 1132(a)(2) [§ 502(a)(2)] is to a plan's benefit, not the plaintiff's."); *Constantine v. American Airlines Pension Benefit Plan*, 162 F. Supp. 2d 552, 557 (N.D. Tex. 2001) ("Any reference to recovery on behalf of the Plan is absent from both Plaintiff's Complaint and Plaintiff's Opposition Brief. . . . Accordingly, the Court finds that Plaintiff has failed to state a claim for breach of fiduciary duty under § 1132(a)(2)."); *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 785-86 (S.D. Miss. 1992) (discussing *Massachusetts Mutual Life Insurance Company v. Russell* as "dispositive" and rejecting the plaintiff's claim under ERISA § 502(a)(2) because of failure to allege harm to or recovery for an ERISA plan), *aff'd*, 42 F.3d 642 (5th Cir. 1994).

[13] Second Amended Complaint [Docket No. 38] ¶ 51 (emphasis added); *see also id.* ¶ 33 ("Plaintiff has suffered substantial damages."); *id.* ¶ 35 ("Plaintiff has incurred substantial out-of-pocket, un-reimbursed expenses resulting from the Defendants' actions."); *id.* ¶ 52 ("Defendants are jointly and severally liable for the losses that occurred to the Plaintiff as a result of the Defendants' breach of fiduciary duty towards her."); *id.* ¶ 54 (setting forth the damages for which Plaintiff seeks recovery, including "Plaintiff's past expenses relating to her double-lung transplant" and "Plaintiff's future expenses relating to her double-lung transplant").

[14] *See* Memorandum Brief in Support of Plaintiff's Response to Defendants' Motion to Dismiss [Docket No. 46] ("Plaintiff's Response Brief") at 14-15 (discussing Plaintiff's purported breach of fiduciary duty claim).

Because the Second Amended Complaint contains no allegations of harm to the NewMarket Plan, and because it is clear from the Second Amended Complaint that all Plaintiff is seeking is recovery on her own behalf, Plaintiff has failed to state a claim for breach of fiduciary duty under ERISA § 502(a)(2). As such, failure to dismiss this claim was a clear error of law.

## C.  Plaintiff Has Failed to Plead Anything Other Than Monetary Damages, Which Do Not Qualify as "Equitable Relief" Available Under ERISA Section 502(a)(3)(B).

As noted above, a complaint must contain allegations regarding all required elements necessary to obtain relief.[15] Moreover, a complaint that merely offers "labels and conclusions" or "naked assertions devoid of further factual enhancement" will not suffice to survive a motion to dismiss.[16] In her Second Amended Complaint, Plaintiff purports to assert a claim for breach of fiduciary duty under ERISA § 502(a)(3)(B).[17] In their respective Motions to Dismiss, Defendants challenged Plaintiff's ability to bring such a claim based on the fact that Plaintiff's claim for monetary damages does not qualify as "equitable relief" — the only type of relief available under ERISA § 502(a)(3)(B).[18] As with Defendants' challenge to Plaintiff's claim brought under ERISA § 502(a)(2), the Court's Opinion and Order makes no reference to this argument by Defendants.

---

[15]*See, e.g., Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.") (quoting 2A MOORE'S FEDERAL PRACTICE ¶ 12.07 [2.-5] at 12-91); *Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 659 (S.D. Miss. 2007) (same)

[16]*Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

[17]Second Amended Complaint [Docket No. 38] ¶¶ 36, 48-52.

[18]*See* NewMarket's Brief [Docket No. 42] at 7-8; Aetna's Brief [Docket No. 40] at 13-15.

ERISA § 502(a)(3)(B) provides that "[a] civil action may be brought — . . . (3) by a participant, beneficiary, or fiduciary . . . (B) to obtain other *appropriate equitable relief* (i) to redress such violations [of this subchapter or the terms of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan."[19] The Supreme Court has made clear that money damages do not qualify as "equitable relief" available under ERISA § 502(a)(3)(B):

> [S]uits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for money damages, as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty. And money damages are, of course, the classic form of *legal* relief.[20]

The Fifth Circuit and courts within this Circuit have consistently recognized this express limitation on the types of recovery available under ERISA § 502(a)(3)(B).[21]

---

[19] 29 U.S.C. § 1132(a)(3)(B) (emphasis added).

[20] *Great-West Life & Annuity Ins. Co.*, 534 U.S. 204, 210 (2002) (emphasis in original) (internal citations and quotation marks omitted); *see also id.* at 221 ("Rather, § 502(a)(3), by its terms, only allows for *equitable* relief. . . . Because petitioners are seeking legal relief – the imposition of personal liability on respondents for a contractual obligation to pay money – § 502(a)(3) does not authorize this action.") (emphasis in original).

[21] *See, e.g.*, *Amschwand v. Spherion Corp.*, 505 F.3d 342, 345 & n.3 (5th Cir. 2007) (noting that "[t]he scope and nature of relief available to aggrieved parties under [section 502(a)(3)] has been circumscribed by a line of Supreme Court decisions" such that it excludes extra-contractual, make-whole, and compensatory damages), *cert. denied*, 128 S. Ct. 2995 (2008); *Smith v. Hartford Life & Accident Ins. Co.*, No. 2:11cv35KS-MTP, 2011 WL 1402880, at *4 (S.D. Miss. Apr. 13, 2011) (recognizing that the Supreme Court has "strongly indicated that other appropriate equitable relief includes neither compensatory nor punitive damages") (internal quotation marks omitted); *Khan v. American Int'l Group, Inc.*, 654 F. Supp. 2d 617, 627 (S.D. Tex. 2009) ("*Amschwand* and *Callery* preclude equitable relief in the form of benefits that would have been due under an insurance policy as a remedy for breach of fiduciary duty."); *Cunningham v. Dun & Bradstreet Plan Servs., Inc.*, 889 F. Supp. 932, 935-36 (N.D. Miss. 1995) (discussing the types of relief "typically available in equity" and concluding that because the plaintiff was "in fact pleading for compensatory damages," she had no viable cause of action under ERISA § 502(a)(3)), *aff'd*, 105 F.3d 655 (5th Cir. 1996); *see also Lawrence*, 837 F. Supp. at 789 (noting that damages for mental and emotional distress and anguish are not recoverable under ERISA).

Throughout her Second Amended Complaint, Plaintiff makes clear that what she is seeking is recovery of her purported monetary damages.[22] Nowhere does she offer any explanation as to what kind of "equitable" relief she could possibly hope to receive, but instead makes only passing and conclusory references generally to seeking "equitable" relief.[23] These references are nothing more than "naked assertions devoid of further factual enhancement."[24] As such, they are inadequate to support a claim for breach of fiduciary duty under ERISA § 502(a)(3)(B), and failure to dismiss this claim was a clear error of law.

---

[22]See Second Amended Complaint [Docket No. 38] ¶ 35 ("Plaintiff has incurred substantial out-of-pocket, un-reimbursed expenses resulting from the Defendants' actions."); *id.* ¶ 46 ("Plaintiff suffered damages in the form of substantial out-of-pocket and un-reimbursed expenses, and mental and emotional distress."); ¶ 54 (setting forth the damages for which Plaintiff seeks recovery, including "Plaintiff's past expenses relating to her double-lung transplant" and "Plaintiff's future expenses relating to her double-lung transplant").

It is unclear to what extent Plaintiff has actually suffered any "damages." Defendant Aetna suggested in its Brief that "[t]he vast majority of [Plaintiff's] expenses were, on information and belief, paid by Medicare." Aetna's Brief [Docket No. 40] at 1. Plaintiff did not deny that Medicare paid for her medical treatment in her Response Brief, but instead asserted that "payments made by Medicare are inadmissible under the collateral source rule" and that "Medicare will assert a lien . . . in the event she obtains a recovery in this action." Plaintiff's Response Brief [Docket No. 46] at 12, 13.

[23]See Second Amended Complaint [Docket No. 38] ¶ 9 ("Plaintiff brings these claims . . . to recover . . . such other equitable or remedial relief as the Court may deem appropriate under ERISA . . . ."); *id.* ¶ 36 ("Plaintiff is entitled to bring the instant causes of action . . . to obtain other appropriate equitable relief."); *id.* ¶ 54 (setting forth the recovery sought by Plaintiff, including "[a]ny and all damages or other equitable or injunctive relief available to the Plaintiff under 29 U.S.C. § 1132(a)(2) and (a)(3)(b)" and "[a]ny and all other damages and/or relief, equitable or otherwise, to which the Plaintiff may be entitled under federal law and/or the laws of the State of Mississippi").

Once again, Plaintiff did not offer any substantive response to Defendants' argument as to the limited relief available under ERISA § 502(a)(3)(B). Rather than addressing the authorities cited in Defendants' Motions to Dismiss (or even mentioning them at all), Plaintiff's Response Brief simply states, without citing any authority whatsoever: "Plaintiff asserts that equitable relief in the form of coverage is allowable under the law and would be appropriate equitable relief under these particular circumstances." Plaintiff's Response Brief [Docket No. 46] at 15.

[24]See *Ashcroft*, 129 S. Ct. at 1949 (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

**D.** **Plaintiff Has Failed to Plead Any Direct Allegations That Would Support the Extraordinary Circumstances Element Necessary to Sustain a Claim for ERISA Equitable Estoppel.**

The Supreme Court has recognized that "a formulaic recitation of the elements of a cause of action will not do" when a plaintiff's complaint is challenged by a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[25] Moreover, when considering a motion to dismiss, a court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions" found in a complaint.[26] One of the necessary elements for Plaintiff's ERISA equitable estoppel claim is the presence of "extraordinary circumstances."[27] In their respective Motions to Dismiss, Defendants challenged the adequacy of Plaintiff's pleading as to this element based on her failure to allege any bad faith or intentional misconduct by Defendants.[28] In its Opinion and Order, the Court suggested that the issue of whether "extraordinary circumstances" are present in this case is an issue "better taken up at the summary judgment stage."[29]

Although the Fifth Circuit has yet to define explicitly what constitutes "extraordinary circumstances," courts in this Circuit have considered the issue and looked to the standards set by

---

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[26] *See, e.g.*, *Hayne v. The Innocence Project*, No. 3:09-CV-218-KS-LRA, 2011 WL 198128, at *3 (S.D. Miss. Jan. 20, 2011) (quoting *Great Lakes Dredge & Dock Co. LLC. v. Louisiana State*, 624 F.3d 201, 210 (5th Cir. 2010)); *Belmonte v. Examination Management Servs., Inc.*, 730 F. Supp. 2d 603, 606 (N.D. Tex. 2010) ("Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.").

[27] *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 374 (5th Cir. 2008); *see also Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005).

[28] *See* NewMarket's Brief [Docket No. 42] at 6; Aetna's Brief [Docket No. 40] at 9-10.

[29] Opinion and Order [Docket No. 50] at 3.

other Circuits when determining whether "extraordinary circumstances" exist.[30] The courts in this

Circuit that have considered the issue have concluded, based in part on the analysis from other

Circuits, that "generally extraordinary circumstances involve *acts of bad faith* on the part of the

employer, attempts to actively conceal a significant change in the plan, or *commission of fraud*."[31]

In other words, they have found that there must be some sort of *intentional* conduct by the party the

plaintiff is seeking to "estop."

The recent case of *Sanborn-Alder v. Cigna Group Insurance* is instructive.[32] The plaintiff

in *Sanborn-Alder* was the widow of a former Continental Airlines pilot who claimed that when her

husband was diagnosed with colon cancer and went on leave, he took steps to "convert" his personal

accident policy to a supplemental life insurance policy under an ERISA benefits plan offered by his

employer.[33] Believing he had done so, the plaintiff's husband paid premiums for such supplemental

life insurance policy for approximately two years, and he let other life insurance that he had in place

lapse.[34] It was not until after the plaintiff's husband had died, and she made her claim for benefits

---

[30]*See, e.g., Belmonte v. Examination Management Servs., Inc.*, 730 F. Supp. 2d at 606-07 (discussing Third Circuit treatment of "extraordinary circumstances").

[31]*Belmonte*, 730 F. Supp. 2d at 606 (emphasis added) (quoting and discussing *Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found.*, 334 F.3d 365 (3d Cir. 2003)); *see also Shonowo v. Transocean Offshore Deepwater, Inc.*, Civil Action No. 4:10-cv-1500, 2011 WL 3418405, at *8 (S.D. Tex. Aug. 3, 2011) (also quoting *Burstein*); *Evans v. Sterling Chems., Inc.*, Civ. Action No. 4:07-cv-624, 2010 WL 2671719, at *25 (S.D. Tex. July 1, 2010) (also quoting *Burstein*); *Khan*, 654 F. Supp. 2d at 629-30 (finding that "[t]he record in the present case does not contain allegations or evidence of the type of 'extraordinary circumstances' that would support an ERISA-estoppel claim" after reviewing various authorities, including *Burstein*, that identify "lies, fraud, or an intent to deceive" as a necessary component to a finding of "extraordinary circumstances") (quoting *Callery v. United States Ins. Co.*, 392 F.3d 401, 407-08 (10th Cir. 2004)).

[32]771 F. Supp. 2d 713 (S.D. Tex. 2011).

[33]*Sanborn-Alder*, 771 F. Supp. 2d at 722.

[34]*Sanborn-Alder*, 771 F. Supp. 2d at 722.

under the policy, that it was discovered that, based upon the terms of the employer's ERISA benefit plan, her husband had not been eligible to convert the type of policy he already had to a supplemental life insurance policy.[35] Thus, his certificate for voluntary insurance benefits had been issued in error.[36]

Among the claims asserted by the plaintiff in *Sanborn-Alder* was a claim for ERISA equitable estoppel.[37] However, the court found that equitable estoppel did not apply.[38] In part, the court's decision was based on the absence of any "extraordinary circumstances."[39] The court concluded that the defendants' inadvertent mistakes simply did not qualify as the "bad faith" or "fraud" necessary for a showing of "extraordinary circumstances."[40] The only remedy available to the plaintiff was the return of the premiums that her husband had paid as a result of the defendants' errors.[41]

Similar to the facts present in *Sanborn-Alder*, Plaintiff's Second Amended Complaint contains no allegations of any bad faith or intentional misconduct by either of the Defendants.

---

[35]*Sanborn-Alder*, 771 F. Supp. 2d at 722-23; *see also id.* at 732 ("The clear and unambiguous language of the LINA plan makes clear that [plaintiff's husband] was not qualified to be covered by the LINA Group Term Insurance policy because during his employment with Continental he never purchased the Voluntary Term Life Insurance with LINA that could be ported into LINA's Group Term Life policy.").

[36]*Sanborn-Alder*, 771 F. Supp. 2d at 722; *see also id.* at 732 ("Alder was inadvertently and erroneously placed in the wrong plan and policy.").

[37]*See Sanborn-Alder*, 771 F. Supp. 2d at 731.

[38]*Sanborn-Alder*, 771 F. Supp. 2d at 731.

[39]*Sanborn-Alder*, 771 F. Supp. 2d at 731.

[40]*Sanborn-Alder*, 771 F. Supp. 2d at 731.

[41]*Sanborn-Alder*, 771 F. Supp. 2d at 732.

Instead, Plaintiff repeatedly refers only to Defendants' acts of purported "negligence."[42] When a cause of action requires there to have been intentional conduct by the defendant, allegations of mere negligence will not suffice.[43] Nor will Plaintiff's conclusory allegation that her "previous allegations as stated constitute extraordinary circumstances"[44] allow her claim to withstand dismissal.[45] It is her well-pleaded, *factual* allegations that must be analyzed.[46]

The Supreme Court in *Twombly* was faced with a similar situation to that present here. In that case, the plaintiffs asserted claims for antitrust violations under the Sherman Act and claimed that the defendants had engaged in a "conspiracy."[47] However, the Supreme Court found the plaintiffs' *factual* allegations regarding such conspiracy to be fatally lacking —

---

[42]*See* Second Amended Complaint [Docket No. 38] ¶ 35; *id.* ¶ 40; *see also* Plaintiff's Response Brief [Docket No. 46] at 10 ("Further, it was Aetna who, after review, *made the mistake* of incorrectly determining that Mrs. Hall was eligible and covered . . . .") (emphasis added); *id.* at 13 ("Mrs. Hall . . . was caused by Aetna's negligence to cancel that insurance . . . .").

[43]*See Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (upholding the dismissal of a § 1983 claim when the plaintiff's sole allegation was that her injury was caused by the defendant's negligent, rather than intentional, act of misidentifying her as the person who had sold him crack cocaine); *cf. St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir.) (recognizing that the plaintiffs need to plead predicate criminal acts to support their RICO claims and finding that allegations of alleged violations of the rules of professional responsibility for attorneys failed to meet this pleading requirement), *cert. denied*, 129 S. Ct. 2835 (2009).

[44]Second Amended Complaint [Docket No. 38] ¶ 42.

[45]*See, e.g., Ashcroft*, 129 S. Ct. At 1951 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.").

[46]*See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *see also Ashcroft*, 129 S. Ct. At 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

[47]*See Twombly*, 550 U.S. at 550.

> It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.[48]

In this case, Plaintiff has simply pleaded no facts that can support her conclusion that "extraordinary circumstances" are present in her case. In the absence of such well-pleaded facts, Plaintiff has failed to state a claim for ERISA equitable estoppel against Defendants. This "basic deficiency" in Plaintiff's pleading warrants dismissal "at the point of minimum expenditure of time and money by the parties and the court."[49] Accordingly, failure to dismiss this claim in the absence of any allegations of some sort of bad faith or intentional misconduct by Defendants was a clear error of law.

**E. Plaintiff Has Failed to Plead *Reasonable* Reliance in Light of Fifth Circuit Authority Rejecting Reliance on Representations Inconsistent with Clear and Unambiguous Terms of an ERISA Plan.**

Another necessary element for Plaintiff's ERISA equitable estoppel claim is the presence of "*reasonable* and detrimental reliance."[50] In their respective Motions to Dismiss, Defendants challenged the adequacy of Plaintiff's pleading as to this element based on the fact that the only "misrepresentations" identified by Plaintiff are directly contrary to express terms in the NewMarket Plan, and thus any "reliance" by her on such "misrepresentations" cannot be reasonable.[51] In its

---

[48]*Twombly*, 550 U.S. at 556-57.

[49]*Twombly*, 550 U.S. at 558 ("So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'") (quoting 5 WRIGHT & MILLER § 1216, at 233-34)); *see also Ashcroft*, 129 S. Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[50]*Nichols*, 532 F.3d at 374 (emphasis added); *see also Mello*, 431 F.3d at 444-45.

[51]*See* NewMarket's Brief [Docket No. 42] at 5; Aetna's Brief [Docket No. 40] at 7-9.

Opinion and Order, the Court suggested that the issue of whether Plaintiff's reliance was justifiable is also an issue "better taken up at the summary judgment stage."[52]

The Fifth Circuit has recognized that a plaintiff's reliance "can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party."[53] Accordingly, courts in this Circuit have refused to find "reasonable" reliance when plaintiffs claim to have relied on representations contrary to unambiguous plan terms —

> Where the plan is clear and unambiguous, *plaintiff cannot reasonably rely* on an informal statement that differs from the terms of the plan because it would mean that the informal statement amended or modified the terms of the plan, contrary to ERISA's policy against informal modifications of plan terms.[54]

The terms of the NewMarket Plan are both clear and unambiguous. They expressly provide that participants share the cost of medical coverage under the Plan and that "*[i]f you stop making the required contributions, coverage ends* on the last day of the period for which you last contributed."[55]

---

[52]Opinion and Order [Docket No. 50] at 3.

[53]*Mello*, 431 F.3d at 447 (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998)); *see also Sullivan v. AT&T, Inc.*, Civ. Action No. 3-08-CV-1089-M, 2010 WL 905567, at *4 (N.D. Tex. Mar. 12, 2010) ("Although Sullivan relied on these benefits statements, his reliance was unreasonable as a matter of law. Reasonable reliance cannot be based on informal estimates in the face of unambiguous plan terms.").

[54]*Sanborn-Alder*, 771 F. Supp. 2d at 720 (emphasis added); *id.* at 731 ("Alder and his wife's reliance on the Group Term Life Insurance certificate and Defendants' assurances that he was covered by the voluntary life insurance policy was not reasonable because such 'statements' were contrary to the terms of the plan and policy.") *see also High v. E-Systems Inc.*, 459 F.3d 573, 580 (5th Cir. 2006) ("High cannot reasonably rely on the actual receipt of disability benefits when the policy itself details that such reliance is unreasonable."); *Shonowo v. Transocean Offshore Deepwater, Inc.*, Civil Action No. 4:10-cv-1500, 2011 WL 3418405, at *8 (S.D. Tex. Aug. 3, 2011) (recognizing that "there can be no reasonable reliance on informal documents in the face of unambiguous Plan terms") (internal quotation marks omitted).

[55]*See* NewMarket Corporation and Affiliates Medical Care Program Summary Plan Description ("Plan SPD") at 4, 8 (emphasis added), a true and correct copy of the of which was submitted as Exhibit "A" to NewMarket's Brief [Docket No. 42].

Because Plaintiff's Complaint expressly references and relies upon the Plan, *see, e.g.*, Second Amended

In her Second Amended Complaint Plaintiff admits she knew she had to pay premiums to continue her coverage under the NewMarket Plan; in fact, she paid such premiums to Aetna for several years.[56] She further admits that she stopped paying the required premiums in 2004, at which time she understood she would have to secure medical coverage elsewhere.[57] Finally, Plaintiff frankly admits that when was told almost three years later that she continued to have coverage through Aetna, she was "confused."[58] These facts as alleged by Plaintiff negate as a matter of law any possibility of demonstrating the "reasonable" reliance necessary for her ERISA equitable estoppel claim.

Particularly in light of the clear and unambiguous language to the contrary in the NewMarket Plan, Plaintiff could not have had any reasonable expectation of continued coverage under the Plan almost three years after she had ceased making the payments she knew were required to maintain such coverage.[59] The well-pleaded facts contained in Plaintiff's Second Amended Complaint simply

---

Complaint [Docket No. 38] ¶ 12, the Court may consider Plan documents, like the Plan SPD, within the parameters of a motion to dismiss under Rule 12(b)(6). *See, e.g., Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Association Cas. Ins. Co. v. Allstate Ins. Co.,* 507 F. Supp. 2d 610, 616 (S.D. Miss. 2007) (same); *see also Wilson v. Kimberly-Clark Corp.,* 254 Fed. Appx. 280, 286, 2007 WL 3251684 (5th Cir. Nov. 5, 2007) ("Plaintiffs' contention that the district court should not have considered the severance pay plan in its granting of Defendant's Motion to Dismiss . . . is without merit."). Indeed, the Court has already relied on the SPD when considering NewMarket's first Motion to Dismiss. *See* Memorandum Opinion and Order dated September 29, 2010 [Docket No. 33] at 2.

[56]Second Amended Complaint [Docket No. 38] ¶ 14.

[57]Second Amended Complaint [Docket No. 38] ¶¶ 15-16.

[58]Second Amended Complaint [Docket No. 38] ¶ 20. Nowhere in her Second Amended Complaint does Plaintiff claim to have specifically asked how she could possibly still have coverage despite her non-payment of premiums for almost three years.

[59]*Cf. Butler v. Trustmark Ins. Co.,* 211 F. Supp. 2d 803, 807 (S.D. Miss. 2002) (considering a case in which a former plan participant was unable to pay the premiums required for COBRA coverage and concluding that the plaintiff "did not have a reasonable expectation that he could keep his insurance coverage notwithstanding his failure to pay for same").

do not assert a *plausible* entitlement to relief on her ERISA equitable estoppel claim.[60] Accordingly, failure to dismiss this claim was a clear error of law.

**F.    If the Court Will Not Reconsider Its Opinion and Order, It Should Allow Defendants to Seek an Interlocutory Appeal to the Fifth Circuit.**

As set forth above, Defendants respectfully submit that this Court clearly erred in its analysis of whether Plaintiff's Second Amended Complaint actually contains all of the allegations necessary to sustain her claims for relief. However, if the Court declines Defendants' request that it reconsider its Opinion and Order, Defendants request in the alternative that the Court amend such Order to add a certification for interlocutory appeal under 28 U.S.C. § 1292(b). An interlocutory appeal would be appropriate because the September 30, 2011 Memorandum Opinion and Order "involves [] controlling question[s] of law as to which there is substantial ground for difference of opinion" and an immediate appeal from such Order would "materially advance the ultimate termination of th[is] litigation."[61]

The issues raised above, and particularly those regarding whether Plaintiff has any viable claim for breach of fiduciary duty under ERISA §§ 502(a)(2) or 502(a)(3)(B), are purely legal questions and do not involve any factual dispute. Further, there exist substantial grounds for difference of opinion as to the issues raised above, and particularly whether the "extraordinary circumstances" element of Plaintiff's ERISA equitable estoppel claim requires Plaintiff to plead intentional, rather than merely negligent, conduct by Defendants and whether the facts as pleaded

---

[60]*See Twombly*, 550 U.S. at 569 n.14 ("[T]he complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible."); *see also Ashcroft*, 129 S. Ct. At 1952 ("He would need to allege more by way of factual content to nudge his claim of purposeful discrimination across the line from conceivable to plausible.") (internal quotation marks omitted).

[61]28 U.S.C. § 1292(b).

by Plaintiff negate as a matter of law the justifiable reliance element of her ERISA equitable estoppel claim. Finally, if the Fifth Circuit agrees that Plaintiff has failed to include allegations in her Second Amended Complaint that are necessary to support her claims, it could end the litigation, or certainly greatly limit its scope.[62]

Accordingly, should this Court deny Defendants' Motion to Reconsider, this Court should amend its Opinion and Order to include a certification allowing Defendants to seek an interlocutory appeal to the Fifth Circuit. Further, this Court should stay all proceedings pending a decision from the Fifth Circuit on Defendants' petition for interlocutory appeal and, if Defendants' petition is granted, pending a final decision on the merits from the Fifth Circuit.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants NewMarket Corporation and Aetna Life Insurance Company respectfully request that the Court reconsider its September 30, 2011 Memorandum Opinion and Order and dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. In the alternative, Defendants respectfully request that the Court amend its September 30, 2011 Memorandum Opinion and Order to add a certificate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay all proceedings before this Court pending a decision on Defendants' petition for interlocutory appeal to the Fifth Circuit and, if the petition for interlocutory appeal is granted, pending a final decision regarding such appeal.

---

[62]*See LaFarge v. Kyker*, No. 1:08CV185-SA-JAD, 2009 WL 4110887, at *2 (N.D. Miss. Nov. 23, 2009) (granting a request for certification of an interlocutory appeal when "the Fifth Circuit's consideration of the issues may eliminate the need for the case to proceed").

Respectfully submitted,


/s/ Edward P. Perrin, Jr.
Edward P. Perrin, Jr.
Texas Bar No. 15796700
Jennifer R. Poe
Texas Bar No. 00794470
Hallett & Perrin, P.C.
2001 Bryan Street, Suite 3900
Dallas, Texas  75201
Telephone:  (214) 953-0053
Facsimile:  (214) 922-4141
eperrin@hallettperrin.com
jpoe@hallettperrin.com

FORMAN, PERRY, WATKINS, KRUTZ & TARDY, LLP
J. Chase Bryan
200 S. Lamar Street, Suite 100
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 960-8600
Facsimile:  (601) 960-8613

**Attorneys for Defendant New Market Corporation**



/s/ Roy H. Liddell
Roy H. Liddell (MSB #1252)
Kevin A. Rogers (MSB # 101230)
WELLS MARBLE & HURST, PLLC
Post Office Box. 131
Jackson, MS 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901

**Attorneys for Aetna Life Insurance Company**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was electronically filed on this 28th day of October, 2011. Electronic Notification of the filing was sent by CM/ECF system to all counsel of record.

/s/ Edward P. Perrin, Jr.