```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


THERESA HALL                                          PLAINTIFF

VS.                          CIVIL ACTION NO. 5:09-cv-41(DCB)(RHW)

NEWMARKET CORPORATION;
AETNA LIFE INSURANCE
COMPANY; and JOHN DOES 1-10                          DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants Aetna Life Insurance Company ("Aetna") and NewMarket Corporation ("NewMarket")'s joint motion for reconsideration of this Court's order denying their motions to dismiss or, in the alternative, for amendment of the order to add a certificate for interlocutory appeal **(docket entry 54)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The facts of this case are set forth in previous Memorandum Opinions of this Court. Theresa Hall initially sued the defendants on state-law claims for equitable estoppel, promissory estoppel, negligent misrepresentation, and negligent infliction of emotional distress. The Court found that her claims were preempted by ERISA. Hall's state law claims were dismissed, with leave to amend her pleadings to assert claims under ERISA. She filed a Second Amended Complaint asserting two causes of action: (1) breach of fiduciary duty under ERISA, and (2) ERISA estoppel. The defendants brought

motions to dismiss the ERISA claims under Fed.R.Civ.P. 12(b)(6). The Court denied the motions, finding that the plaintiff had stated claims upon which relief could be granted and that the defendants could make their arguments in motions for summary judgment.

The defendants bring their present motion pursuant to Fed.R.Civ.P. 59(e), which allows a court to alter or amend a judgment or order if, <u>inter alia</u>, there is a need to correct a clear or manifest error in law or fact.  The Court does not find any errors of fact in its prior order.  It does, however, upon reconsideration, find that it overlooked law specifically addressing ERISA claims and a plaintiff's burden under Rule 12(b)(6) of the Federal Rules of Civil Procedure .

### 1. Breach of Fiduciary Duty Under ERISA

To survive a Rule 12(b)(6) motion, a complaint must contain allegations regarding all the required elements necessary to obtain the relief sought by the plaintiff.  <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 975 (5th Cir. 1995).  The plaintiff's Second Amended Complaint alleges a claim for breach of fiduciary duty under ERISA § 502(a)(2), which provides that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section (409) of this title."  ERISA § 409, titled "Liability for breach of fiduciary duty," states:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or

> duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary ....

In interpreting § 409, the Supreme Court has concluded that claims for breach of fiduciary duty brought under § 502(a)(2) must be asserted for the benefit of an ERISA plan, not for the personal benefit of plan participants. Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 142-44; see also Matassarin v. Lynch, 174 F.3d 549, 565 (5th Cir. 1999)(recognizing that ERISA § 502(a)(2) and § 409 focus solely "on fiduciary breaches that cause harm to the plan as a whole"). Nowhere in her Second Amended Complaint does the plaintiff allege any harm to the NewMarket Plan, or claim to be seeking to recover anything on behalf of the Plan. Instead, the plaintiff seeks to recover for damages suffered only by herself. The Court therefore finds that the plaintiff has failed to state a claim for breach of fiduciary duty under ERISA § 502(a)(2). In addition, the plaintiff now concedes that she cannot recover under § 502(a)(2) for a breach of fiduciary duty. Pl. Resp. Brief, p. 3.

The plaintiff also alleges a claim for breach of fiduciary duty under ERISA § 502(a)(3)(B). However, only equitable relief is available under that section. Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993)(restricting type of relief available under § 502(a)(3)(B) to equitable relief). Since Hall seeks only past and future medical expenses, pre- and post-judgment interest,

attorney's fees and expenses, and court costs and expenses, she is seeking legal remedies, not equitable relief, and therefore fails to state a claim under ERISA § 502(a)(3)(B).  The fact that Hall's complaint includes a general prayer for "[a]ny and other damages and/or relief, equitable or otherwise, to which the plaintiff may be entitled under federal law ..." does not constitute a claim for any particular injunctive or equitable relief, and is insufficient to assert a proper equitable claim.  See West v. AK Steel Corp. Ret. Accumulation Pension Plan, 484 F.3d 395, 403 (6th Cir. 2007); Severstal Wheeling, Inc. v. WPN Corporation, 809 F.Supp.2d 245, 262-63 (S.D. N.Y. 2011); Hall v. Kodak Retirement Income Plan, 363 F. Appx. 103 (2nd Cir. 2010); Tuel v. Shawver Well Co. Inc., 2006 WL 839250 (N.D. Iowa, March 27, 2006).  The plaintiff has also failed to state a claim for breach of fiduciary duty under ERISA § 502(a)(3)B).

### 2. ERISA Estoppel

The Fifth Circuit requires that a plaintiff must show three elements to establish a claim for ERISA estoppel: (1) a material misrepresentation, (2) reasonable and detrimental reliance upon that representation, and (3) extraordinary circumstances.  Mello v. Sara Lee Corp., 431 F.3d 440, 444-45 (5th Cir. 2005).  To avoid dismissal, the plaintiff's complaint must contain sufficient allegations regarding each of the required elements necessary to obtain the relief sought in a particular claim.  With regard to the

4

ERISA estoppel claim, the defendants challenge the adequacy of the plaintiff's pleading regarding the "extraordinary circumstances" element.

When considering a motion to dismiss, a court should not accept as true "conclusory allegations, unwarranted deductions, or legal conclusions" found in a complaint. Belmonte v. Examination Management Servs., Inc., 730 F.Supp.2d 603, 606 (N.D. Tex. 2010). "Extraordinary circumstances" generally "involve acts of bad faith on the part of the employer, attempts to actively conceal a significant change in the plan, or commission of fraud." Id., quoting Burstein v. Retirement Acct. Plan for Emps. Of Allegheny Health Educ. & Research Found., 334 F.3d 365, 383 (3rd Cir. 2003); see also Sanborn-Alder v. Cigna Group Ins., 771 F.Supp.2d 713, 731 (S.D. Tex. 2011)(defendants' inadvertent mistakes did not qualify as the "bad faith" or "fraud" necessary for a showing of "extraordinary circumstances").

In the present case, the plaintiff's Second Amended Complaint contains no allegations of any bad faith or intentional misconduct by either of the defendants. Instead, the plaintiff repeatedly refers to the defendants' acts of purported "negligence" or "mistake." Second Amend. Compl. ¶ 35; Pl.'s Resp. Brief to Defendants' Mtns. to Dismiss., pp. 10, 13. When a cause of action requires there to have been intentional conduct by the defendant, allegations of mere negligence will not suffice. Campbell v. City

of San Antonio, 43 F.3d 973, 977 (5th Cir. 1995).  Similarly, the plaintiff's conclusory statement that her "previous allegations" constitute "extraordinary circumstances" are insufficient because the plaintiff's allegations lack any factual basis from which to draw such a conclusion.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Factual allegations must be enough to raise a right to relief above the speculative level").

In addition, the defendants draw the Court's attention to the second element of an ERISA estoppel claim, "reasonable and detrimental reliance."  Specifically, the defendants argue that the only "misrepresentations" identified by the plaintiff are directly contrary to the express terms of the NewMarket Plan; therefore, any "reliance" by the plaintiff on such "misrepresentations" cannot be reasonable.  In Mello, the Fifth Circuit recognized that a plaintiff's reliance "can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party." 431 F.3d at 447; see also Sanborn-Alder, 771 F.Supp.2d at 720 ("Where the plan is clear and unambiguous, plaintiff cannot reasonably rely on an informal statement that differs from the terms of the plan because it would mean that the informal statement amended or modified the terms of the plan, contrary to ERISA's policy against informal modifications of plan terms.").

In this case, the terms of the NewMarket Plan are both clear

Case 5:09-cv-00041-DCB-RHW   Document 61   Filed 03/20/12   Page 7 of 8

and unambiguous.  The Plan expressly provides that participants share the cost of medical coverage under the Plan and that "[i]f you stop making the required contributions, coverage ends on the last day of the period for which you last contributed." NewMarket Summary Plan Description, pp. 4, 8.  The plaintiff, in her Second Amended Complaint, admits that she knew she had to pay premiums to continue her coverage under the Plan, and that she paid such premiums to Aetna for several years.  Second Amend. Compl., ¶ 14. Hall further admits that she stopped making the required premium payments in 2004, at which time she understood that she would have to secure medical coverage elsewhere.  Id. at ¶¶ 15-16.  Finally, she admits that when she was told almost three years later that she continued to have coverage, she was "confused."  Id. at ¶ 20. Nowhere does she claim to have inquired how she could possibly have coverage when she had not made any premium payments for almost three years.  These undisputed facts negate any possibility of demonstrating the "reasonable" reliance necessary for an ERISA equitable estoppel claim.  See Butler v. Trustmark Ins. Co., 211 F.Supp.2d 803, 807 (S.D. Miss. 2002)(where former plan participant was unable to pay premiums required for COBRA coverage, he "did not have a reasonable expectation that he could keep his insurance coverage notwithstanding his failure to pay for same").

   The Court, upon reconsideration, finds that the plaintiff has failed to allege all of the required elements necessary to obtain

relief under her claim for breach of fiduciary duty under ERISA § 502(a)(3)(B), and her claim for ERISA estoppel.  The Court also finds that the plaintiff has conceded that she has failed to state a claim under ERISA § 502(a)(2).  For the forgoing reasons, the Court finds that the motions to dismiss previously denied should be granted and this action dismissed with prejudice.  Accordingly,

    IT IS HEREBY ORDERED that the defendants Aetna Life Insurance Company and NewMarket Corporation's joint motion for reconsideration of this Court's order denying their motions to dismiss **(docket entry 54)** is GRANTED;

    FURTHER ORDERED that the defendants' motion in the alternative for amendment of order to add a certificate for interlocutory appeal **(docket entry 54)** is MOOT;

    FURTHER ORDERED that defendant Aetna Life Insurance Company's motion to dismiss (docket entry 39) and defendant NewMarket Corporation's motion to dismiss (docket entry 41) are granted, and this action shall be dismissed with prejudice by a separate judgment.

    SO ORDERED, this the 20th day of March, 2012.


    /s/ David Bramlette
    UNITED STATES DISTRICT JUDGE